## J. Spencer Turner Company, Defendant in Error, v. Bruno Schwill, Plaintiff in Error.

### Gen. No. 21,068.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

### Statement of the Case.

Action by the J. Spencer Turner Company, plaintiff, against Bruno Schwill, defendant, in the Municipal Court of Chicago. To reverse a judgment for plaintiff for $10,561.77, defendant prosecutes this writ of error.

ROSENTHAL & HAMILL, for plaintiff in error; CHARLES H. HAMILL, of counsel.

LITZINGER, McGURN & REID, for defendant in error; EDWARD R. LITZINGER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 384*—*when objection must be saved below*. Where irregularities occur in the trial court without objection by plaintiff in error, such irregularities cannot be availed of for the first time in the Appellate Court.

2. APPEAL AND ERROR, § 493*—*when judgment in excess of ad damnum not available in absence of objection below*. The objection that the judgment sought to be reversed exceeds the *ad damnum* is not available when made for the first time on review, especially where defendant could not have been misled thereby, as where copies of the notes sued on were part of plaintiff's pleadings, although it may appear from the statement of claim that the judgment is for an amount in excess of what is due.

3. APPEAL AND ERROR, § 1313*—*what presumed where no propositions of law submitted*. Where in a case tried without a jury no propositions of law are submitted to be held by the trial court,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it will be presumed on review that all questions of law were. correctly decided.

4. APPEAL AND ERROR, § 594*—*when motion for new trial ineffective to preserve question for review.* A motion for a new trial in an action tried without a jury preserves no questions of law for review, for the reason that such motion is aimless and serves no purpose available in a higher court.